504 So.2d 162 (1987)
STATE of Louisiana, Through the DEPARTMENT OF HEALTH AND HUMAN RESOURCES In the Interests of the Minor Children: CAB, DLB and EB, Appellee,
v.
EB, JR. and TAB, Defendants Appellant.
No. 18805-CAJ.
Court of Appeal of Louisiana, Second Circuit.
February 25, 1987.
Lee Ineichen and John Spires, Asst. Dist. Attys., Bastrop, for State of La.
Travis Holley, Bastrop, for the Minor Children, CAB, DLB and EB.
Frank Tugwell, Bastrop, for EB, Jr.
Rankin, Yeldell, Herring & Katz by James E. Yeldell and Richard A. Bailly, Bastrop, for TAB.
Before FRED W. JONES, Jr., NORRIS and LINDSAY, JJ.
*163 NORRIS, Judge.
This is an appeal by Mrs. B from the judgment terminating her parental rights to her two daughters. On April 28, 1983, three of Mr. and Mrs. B's four children were found to have been physically abused and were ordered to remain in the custody and under the supervision of the Department of Health and Human Resources (DHHR). The three children are CAB, a girl born November 22, 1973; DLB, another girl born October 25, 1975; and EB, a boy born October 1, 1979. The children have remained in foster care since that time. On March 28, 1985, the DHHR filed a petition to terminate parental rights. The first hearing on the termination was July 29, 1985. The court deferred its ruling for six months, and ordered the parents to submit to any requests by the DHHR including counseling and home visits. The second hearing on the termination was held June 11, 1986. After the two termination hearings EB was returned to the custody of his parents, while the Bs' parental rights to the two girls were terminated. Mrs. B appeals from the termination of her parental rights to her two daughters, CAB and DLB. Mr. B does not appeal.
Mrs. B raises four assignments of error:
(1) The trial court erred in terminating the parental rights of Mrs. B to her children, despite finding neither crime nor abuse committed against them by their mother.
(2) The trial court erred in terminating the parental rights of the Bs, applying a standard of proof less than that required by law.
(3) The trial court erred in terminating the parental rights of the Bs on the basis of insufficient evidence.
(4) The trial court erred in finding there was no reasonable expectation of rehabilitation of the parents of CAB and DLB.
The assignments of error, as worded, seem to imply that both Mr. and Mrs. B have appealed. This is not the case. Only Mrs. B appealed, and only she has the right to protest the judgment. Regardless of whether the case was correctly decided as to Mr. B, it is a final judgment. The petition to terminate was based on LSA-R.S. 13:1601A and C. The court terminated the Bs' rights under LSA-R.S. 13:1601A. The assignments of error basically contend that the trial judge erred in his application of sub parts (1) and (3) of A, and also that the evidence was insufficient as a matter of law. We find that there is merit in Mrs. B's appeal, and accordingly reverse the judgment of the trial court insofar as it terminated Mrs. B's parental rights.
The three children were initially removed in response to allegations of physical abuse. After the children were in the custody of the DHHR the counselors discovered that the two girls may have also been sexually abused. Since only Mrs. B is appealing, it is not necessary that we discuss the allegations of physical and sexual abuse made against Mr. B. The only indication of abuse by Mrs. B was that she had on one occasion spanked her son, EB, so severely that he had bruises from his bottom to the back of his knees. She said that she had punished him because he had disobeyed her by going out barefoot during February when he had a cold. At the conclusion of the second hearing, however, EB was returned to his parents' physical custody. The state did not show, and the court did not find, that she had committed abuse that rose to the level justifying termination under 1601 A.
LSA-R.S. 13:1601A provides that a parent's rights may be terminated when:
A. (1) The abuse or neglect of the child by the parent or parents results from a crime committed against the person of the child or when a parent is an accessory to such a crime.
(2) The abuse or neglect of the child by the parent or parents consists of cruel and inhuman treatment which is below a reasonable standard of human decency.
(3) The parent is unfit to retain parental control and there is no reasonable expectation of reformation on the part of the parent or parents.
The rule of strict construction applies to 1601 et seq, as a variant of the adoption statutes, because the natural parental *164 rights are involved. State in Interest of M, 448 So.2d 1335 (La.App. 4th Cir.1984). In his reasons for judgment the trial judge found by clear and convincing evidence that the abuse of the minor children by Mr. B resulted from crimes committed against their two daughters; that the abuse consisted of cruel and inhuman treatment which is below a reasonable standard of human decency; and that both Mr. and Mrs. B are unfit to retain parental control and there is no reasonable expectation of reformation on their part. The trial court specifically found that Mrs. B was not a participant in the abuses committed against these children.
The two objections raised to the trial judge's application of 1601A(1) are that there was no showing that Mrs. B had abused the two girls, and that the judge applied a standard of clear and convincing evidence rather than proof beyond a reasonable doubt, as required by LSA-R.S. 13:1601A. There is merit in both complaints. The trial judge failed to comply with 1603A because he applied the wrong standard of proof in reaching his factual conclusion under 1601A(1). He found the evidence only clear and convincing that Mr. B had committed a crime against the two girls; the correct standard is the more stringent one, that of proof beyond a reasonable doubt. LSA-R.S. 13:1603A. However, as this court has recognized before, an appeal is from the trial judge's decision, not his reasons for judgment. Matter of L.M.S., 476 So.2d 934 (La.App. 2d Cir.1985). We must consider whether the evidence adduced at the hearing proves the allegations against Mrs. B beyond a reasonable doubt, regardless of what standard the trial judge may have erroneously applied. Under 1601A(1) the state must show that the parent committed a crime of abuse or neglect against the child, or was an accessory to such a crime.[1] There was nothing in the record to prove beyond a reasonable doubt that Mrs. B had committed any crime against her two daughters, or had even been an accessory to any crime committed against them by anyone else. Even the trial judge in his reasons for judgment concluded that she was not a participant in the abuses committed against the daughters, and this conclusion is certainly not clearly wrong. The only reprehensible action attributable to Mrs. B was one excessive spanking that she gave her son, EB. She apparently did not even know of the alleged sexual abuse by her husband until the girls had been removed from her custody, and Mr. B continued throughout the proceedings to vehemently deny such allegations.
We have already said that under the terms of this statute, Mrs. B had committed no actionable offenses against the two girls, and therefore there is no behavior condemned under the statute from which she would need to reform. We note, however, that in any event the trial court erred in finding that Mrs. B showed no reasonable expectation of reformation as required by 1601A(3). Tina Rouch of the DHHR testified that Mrs. B had been cooperative even from the time that the children were first taken. Dr. Stephenson said that at his second testing of her it was apparent that she had improved some, and gained more control, although he felt that she would be incapable of protecting her children from any abuse. Testimony at the second hearing showed that the apparent reason the counseling ordered by the court had not produced reportable results was because of changeovers of counseling personnel at the Mental Health Center. However, Joyce Powell, with the Crisis Intervention of Youth, Children & Family Services, indicated that if Mrs. B were living apart from Mr. B, she would recommend that the children be returned to her. Annie Lenard, a Human Services worker, reported that the Bs had fully cooperated in the counseling. She said they had done everything that they were asked. Becky Williams, a social worker at the Bastrop *165 Mental Health Center, was a therapist for the Bs. She said that Mrs. B had gone to all the scheduled sessions, and had a cooperative attitude. It is clearly wrong for the court to find the evidence clear and convincing that there was no reasonable expectation of reformation by Mrs. B.
The trial court erred in terminating Mrs. B's paternal rights, as shown above. We reverse its decision insofar as it terminates her parental rights, and accordingly amend that part of the judgment that reads "IT IS ORDERED, ADJUDGED AND DECREED that the parental rights of E[...] B[...], Jr. and T[...] B[...] are permanently terminated as to the minor children, CAB and DLB," so that it reads "... the parental rights of E[...] B[...], Jr., only, are...", deleting all reference to T[...] B[...].
Nothing in this opinion should be construed to indicate that CAB and DLB should be returned to the physical custody of their mother at this time. However, since the two girls were found to have been abused, but all the elements of 1601A were not proven, LSA-R.S. 1603B[2] becomes operative. Accordingly, we remand this case to the court below to insure compliance with 1603B and to issue the appropriate orders to insure compliance with the legislative scheme.
Mrs. B's attorney, Richard A. Bailly, has asked that his attorney fees for representing the indigent Mrs. B on appeal be made a part of the court costs and ordered payable by the DHHR. We award him $750 for his services on appeal, payable by the DHHR. LSA R.S. 13:1602; LSA-C.C.P. 5096. Stenographers' costs for taking testimony are payable by the DHHR. LSA-R.S. 13:4521.
REVERSED IN PART AND REMANDED.
NOTES
[1] The issue of any violations of due process is not before us in this case. We suggest that interested parties refer to the excellent law review comment "Involuntary termination of parental rights in Louisiana: Unraveling the statute" 58 Tulane Law Rev. 1045 (1984).
[2] The statute provides:

B. Whenever the court of proper jurisdiction finds that the allegations of either Subsection A, B, C, or D of R.S. 13:1601 are not proven true by the appropriate evidentiary standards, yet the child has been abused or neglected, it shall order:
(1) An appropriate child welfare agency to make a concerted effort to reunite parent or parents and child, using any and all social services at its disposal; and
(2) Set a date for review within six months and each six months thereafter to determine what progress has been made in rehabilitating the parent or parents so that they might be reunited with their child.